IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.: 09- CA- 33667
#39

KIMBERLY MITCHELL,
Individually,
AND
MATTHEW S. ENGLETT,
Individually,
AND KAUFMAN, ENGLETT &
LYND, LLC, a Florida Limited
Liability Corporation.

            Plaintiffs,

v.

BANK OF AMERICA, N.A. AND
FIA CARD SERVICES, N.A., AND
REDLINE RECOVERY SERVICES, LLC.

            Defendants.
_____/



## COMPLAINT

    Plaintiffs, KIMBERLY MITCHELL and MATHEW S. ENGLETT, hereby sue
BANK OF AMERICA, N.A. FIA CARD SERVICES, N.A. and REDLINE RECOVERY
SERVICES, LLC, and state:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of attorneys'
   fees, costs and interest.
2. Venue is proper because Plaintiff resides and was damaged in Orange
   County, Florida.
3. Plaintiff, KIMBERLY MITCHELL ("MITCHELL"), is *sui juris* and a
   resident of Valrico, Hillsborough County, Florida.
4. Plaintiff, MATTHEW S. ENGLETT ("ENGLETT"), is a resident of
   Orange County, Florida and an active member of the Florida Bar.
5. KAUFMAN, ENGLETT & LYND, LLC, is a Florida Limited Liability
   Corporation, with its principal place of business located at Altamonte
   Springs, Seminole County, Florida.
6. Defendant, BANK OF AMERICA, N.A. ("BOA"), is a foreign
   corporation with its principal place of business located at Charlotte, North
   Carolina.

EXHIBIT
A

7. Defendant, FIA CARD SERVICES, N.A. ("FIA"), is a foreign corporation with its principal place of business located at Willington, Delaware.

8. Defendant, REDLINE RECOVERY SERVICES, LLC. ("REDLINE"), is a foreign corporation with its principal place of business located at Amherst, New York.

9. At all times relevant, FIA regularly conducted business on behalf of Defendant, BOA, within the State of Florida.

## GENERAL ALLEGATIONS

10. .At all times material hereto, REDLINE as acting as an agent of FIA, who in turn was acting as an authorized agent of BOA, or alternatively, REDLINE and FIA were wholly owned and controlled subsidiaries of BOA, and operated at the direction of BOA to attempt to collect monies alleged due and owing to BOA from BOA'S customers.

11. REDLINE'S and FIA'S actions on behalf of BOA involved multiple actual coercive threats and harassment directed at MITCHELL, claiming that criminal prosecution would be commenced against MITCHELL during efforts to collect certain collections actions undertaken on behalf or BOA in violation of 15 U.S.C. §1692, *et seq.* and §501.201, *et seq. Florida Statutes.*

12. REDLINE'S and FIA'S coercive threats and harassment were intentional and outrageous, and intended to coerce MITCHELL into making withdrawals from her 401K retirement account to pay the allegedly owed monies.

13. MITCHELL did, in fact, make the coerced 401K withdrawals out of fear of criminal prosecution based upon REDLINE'S and FIA'S coercive threats.

14. REDLINE and FIA, by and through one or more of their employees also falsely published or otherwise stated and fraudulently misrepresented themselves to be attorney MATTHEW S. ENGLETT, counsel for MITCHELL, in an effort to induce MITCHELL into agreeing to satisfy the alleged claims of FIA and BOA concerning purported monies allegedly due and owing to BOA.

15. BOA knew, or should have known, that FIA was attempting to collect the alleged amounts due and owing by illegal means and took no action to intervene and stop FIA'S conduct.

16. FIA'S conduct and actions were performed in the normal course of business conducted on behalf of BOA.

17. Plaintiff, MITCHELL, is a consumer for purposes of §501.201, *Florida Statutes.*

### COUNT I – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFIAR TRADE PRACTICES ACT §501.201, *et seq. FLORIDA STATUTES*

18. Plaintiff, MITCHELL, realleges and reasserts the allegations of ¶¶ 1-3, and 6-17 as if fully set forth herein.

19. Defendants, REDLINE'S and FIA'S conduct and actions undertaken on behalf of BOA constitute deceptive acts or unfair practices.

20. Defendant, REDLINE'S, FIA'S and BOA'S actions have damaged MITCHELL, and said actions are the proximate cause of those damages.

21. Pursuant to §501.2105, *Florida Statutes,* MITCHELL is entitled to recover her reasonable attorneys' fees.

WHEREFORE, Defendant, KIMBERLY MITCHELL, hereby demands judgment against Defendants, REDLINE RECVOERY SERVICES, LLC, FIA CARD SERVICES, INC. and BANK OF AMERICA, N.A., for damages, attorneys' fees and costs, pre-judgment and post-judgment interest, and any further relief this Court deems fair and just.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff, MITCHELL, realleges and reincorporates that allegations set forth in ¶¶ 1-3 and 6-17, as if fully set forth herein.

23. As a result of Defendants' intentional and outrageous conduct, MITCHELL has suffered severe emotion distress.

24. Defendants' intentional and outrageous conduct is the actual and proximate cause of MITCHELL'S severe emotional distress.

WHEREFORE, Defendant, KIMBERLY MITCHELL, hereby demands judgment against Defendants, REDLINE RECVOERY SERVICES, LLC, FIA CARD SERVICES, INC. and BANK OF AMERICA, N.A., for damages, attorneys' fees and costs, pre-judgment and post-judgment interest, and any further relief this Court deems fair and just.

## COUNT III – CIVIL CONSPIRACY

25. Plaintiffs reallege and reincorporate the allegations set forth in ¶¶ 1-17 as if fully set forth herein.

26. Defendants actions conspired to undertake actions that were unlawful, or to undertake action that were lawful by unlawful means.

27. In the furtherance of Defendants' conspiratorial actions, Defendants, REDLINE, acting with the actual knowledge and agreement of Defendants FIA and BOA, actually executed the conspiratorial act by falsely claiming to be MATTHEW S. ENGLETT in order to coerce Plaintiff, MITCHELL, into paying certain allegedly owed monies.

28. As a result of Defendants' conspiratorial actions, Plaintiffs have suffered damage.

WHEREFORE, Defendant, KIMBERLY MITCHELL, MATTHEW S. ENGLETT, and KAUFMAN, ENGLETT & LYND, LLC, hereby demands judgment against Defendants, REDLINE RECVOERY SERVICES, LLC, FIA CARD SERVICES, INC. and BANK OF AMERICA, N.A., for damages, attorneys' fees and costs, pre-judgment and post-judgment interest, and any further relief this Court deems fair and just.

## COUNT IV – DEFAMATION-DISPARAGEMENT

29.  Plaintiff, ENGLETT, realleges and reincorporates the allegations of ¶¶ 1, 2 and 4-17, as if fully set forth herein.
30.  At all times material herein, ENGLETT was the Managing Partner of the Kaufman, Englett & Lynd, LLC, law firm ("KEL").
31.  KEL is counsel of record for Plaintiff, MITCHELL in other matters, including one or more matters that involved the instant Defendants.
32.  KEL is a full service law firm whose principal practice focused on consumer advocacy and debt relief litigation.
33.  KEL is dependent upon its and has developed a valuable reputation in the legal community for its efforts on behalf of its client, including but not limited to MITCHELL.
34.  REDLINE, FIA and BOA published false statements to third-parties misrepresenting themselves to be ENGLETT, thereby seriously disparaging and prejudicing ENGLETT'S individual professional reputation, and the valuable business reputation of KEL.
35.  As a result of the actions of REDLINE, FIA and BOA will deter third-persons from dealing with ENGLETT and KEL.
36.  The statements and publication of REDLINE, FIA and BOA are defamation and disparagement *per se*.

WHEREFORE, Plaintiffs, MATTHEW S. ENGLETT, individually, and KAUFMAN, ENGLETT & LYND, LLC, demand judgment against Defendants, REDLINE RECVOERY SERVICES, LLC, FIA CARD SERVICES, INC. and BANK OF AMERICA, N.A., for damages, attorneys' fees, costs, pre-judgment and post-judgment interest, and any further relief this Court deems fair and just.

## COUNT V – DECLARATORY JUDGMENT

37.  Plaintiffs reallege and reincorporate the allegations of ¶¶4-17, as if fully set forth herein.
38.  Count III is a claim for declaratory judgment pursuant to Chapter 86, *Florida Statutes.*
39.  By REDLINE'S and FIA'S employee, agent or representative representing to MITCHELL that the employee, agent or representative was ENGLETT, the actions REDLINE, FIA and BOA and their employees, agent or representatives constitute the unauthorized practice of law.

40. Defendants conduct has or may cause irreparable harm to MITCHELL, ENGLETT, KEL, and the citizens of the State of Florida.

41. Defendants' actions are therefore subject to declaratory judgment of this Court enjoining any further conduct that constitutes the unauthorized practice of law in this State.

WHEREFORE, Plaintiffs, KIMBERLY MITCHELL, MATTHEW S. ENGLETT and KAUFMAN, ENGLETT & LYND, LLC, hereby demand declaratory judgment enjoining Defendants, REDLINE RECVOERY SERVICES, LLC, FIA CARD SERVICES, INC. and BANK OF AMERICA, N.A., from any further conduct constituting the unauthorized practice of law, and any further relief this Court deems fair and just.

Dated: 10/20/09 .

Respectfully submitted,

Craig R. Lynd, Esq.
Florida Bar No. 122210
Jeffrey S. Kaufman Jr., Esq.
Florida Bar No. 0099538
Christopher H. Hunt, Esq.
Florida Bar No. 021705
Kristen V. Schlereth, Esq.
Florida Bar No. 0028401
Dalyla Santos, Esq.
Florida Bar No. 0064455
Kaufman, Englett & Lynd, LLC
151 Wymore Rd. Ste. 2100
Altamonte Springs, FL 32714
Telephone No.: (407) 513-1900
Facsimile No.: (407) 513-1972
Attorney for Plaintiffs,
KIMBERLY MITCHELL,
MATTHEW S. ENGLETT, AND
KAUFMAN, ENGLETT & LYND,
LLC.