**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KIMBERLY MITCHELL, MATTHEW S.
ENGLETT, and KAUFMAN, ENGLETT &
LYND, LLC,**

                    **Plaintiffs,**

**-vs-**                                                **Case No.  6:09-cv-2131-Orl-31GJK**

**BANK OF AMERICA, N.A., FIA CARD
SERVICES, N.A., and REDLINE
RECOVERY SERVICES, LLC,**

                      **Defendants.**

# ORDER

This matter came before the Court *sua sponte* and upon consideration of the Motion for Order of Contempt (Doc. 31) filed by Defendant Redline Recovery Services, LLC ("Defendant"); the Motion to Remand (Doc. 34) filed by Plaintiffs Kimberly Mitchell, Matthew S. Englett and Kaufman Englett & Lynd, LLC ("Plaintiffs"); Defendant's response in opposition to the Motion to Remand (Doc. 36); and the Court's August 11, 2010 Order to Show Cause (Doc. 32) and Plaintiff's response thereto (Doc. 33).

**I. Background**

On October 26, 2009, Plaintiffs commenced this action in state court alleging, *inter alia*, that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by engaging in abusive debt collection practices. (Doc. 2, ¶ 11).[1] On December 18, 2009, Defendants

---

[1] More specifically, Count I of Plaintiffs' Complaint asserts that Defendants violated Florida's Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201 *et seq.*, by engaging abusive debt collection practices. (Doc. 2, ¶¶ 18-21). Count II asserts a claim for intentional infliction of emotional

timely removed the case to this Court, predicating subject matter jurisdiction on 28 U.S.C. § 1331.[2]  (Doc. 1 at 2).

On February 24, 2010, the Court entered its Case Management and Scheduling Order (Doc. 26).  Since then, Plaintiffs have refused to provide Defendant with their mandatory initial disclosures pursuant to FED. R. CIV. P. 26; ignored Defendant's discovery requests; failed to respond to Defendant's Motion to Compel (Doc. 29); disregarded the Court's Order compelling Plaintiffs to respond to Defendant's discovery requests (Doc. 30); and failed to respond to Defendant's Motion for Order of Contempt (Doc. 31).

On August 11, 2010 – nearly nine months after this case was removed to federal Court, after repeatedly refusing to engage in discovery, and after coming under threat of contempt – Plaintiffs filed their instant Motion to Remand, contending that the Complaint fails to assert a claim arising under federal law.

For the reasons, *infra*, Plaintiffs' Motion to Remand will be denied and this case will be dismissed with prejudice as to Redline Recovery Services, LLC.

## II. Applicable Law

Unlike state courts, lower federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  There is a presumption that a cause lies outside this

---

distress. (Doc. 2, ¶¶ 22-24).  Count III asserts a claim for civil conspiracy (which as discussed further, *infra*, is predicated on Defendants' alleged violation of the Fair Debt Collection Practices Act). (Doc. 2, ¶¶ 25-28).  Count IV asserts a claim for defamation.  (Doc. 2, ¶¶ 29-36).  And lastly, Count V asserts a claim for declaratory relief pursuant to Florida's Declaratory Judgment Act, FLA. STAT. § 86.01 *et seq*.

[2]While the parties also appear to be diverse, (Doc. 2, ¶¶ 3-8), Defendants did not predicate subject matter jurisdiction on 28 U.S.C. § 1332 in their Notice of Removal.  (Doc. 1).

limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Jurisdiction conferred by 28 U.S.C. § 1331 is narrower than that allowed by Article III, Section 2 of the Constitution. *See Merrell Down Pharms., Inc. v. Thompson*, 478 U.S. 804, 807 (1986). However:

> The Supreme Court has interpreted Section 1331 such that a cause of action need not necessarily be created by federal law in order to arise under federal law. Instead, state-created causes of action can sometimes arise under federal law when the potential state court plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Hudson Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 829 (11th Cir. 1992) (internal citations and quotations omitted).

Where federal law does not expressly create a plaintiff's cause of action, courts look to the face of a plaintiff's well-pleaded complaint to determine whether federal-question jurisdiction is appropriate. *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). Specifically, the court examines "what necessarily appears in the plaintiff's statement of his own claim" in his complaint. *Id.* at 10 (internal quotation marks and citation omitted).

The defendant must demonstrate that the asserted federal element is "an essential one[ ] of the plaintiff's cause of action" for federal jurisdiction to lie. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). A defendant may not establish jurisdiction based on a theory not advanced by the plaintiff in his complaint. *Merrell Dow*, 478 U.S. at 809 n. 6. Nor may a defendant remove a case based on a federal defense, "even if the defense is anticipated in the plaintiff's complaint, and even

if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

Determining whether federal question jurisdiction exists under § 1331 is ultimately a question of judgment where a court must "pick[ ] the substantial causes [of action] out of the web and lay[ ] the other ones aside," and then balance Congressional intent, judicial power, and federalism concerns. *Franchise Tax Bd.*, 463 U.S. at 20-21 (internal quotation marks and citation omitted); *see also Merrell Dow*, 478 U.S. at 810. There is no "single, precise, all-embracing test" to determine when federal-law issues imbedded in state-law claims trigger federal jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (internal quotation marks and citation omitted); *see also* 13D CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3566 (current through 2010).

### III. Discussion

#### A. Plaintiffs' Motion to Remand

In their Motion to Remand, Plaintiffs contend that their Complaint fails to state a claim that arises under federal law. The Court disagrees.

In the "General Allegations" section of their Complaint, Plaintiffs assert:

> REDLINE's and FIA'S actions on behalf of BOA involved multiple actual coercive threats and harassment directed at MITCHELL, claiming that criminal prosecution would be commenced against MITCHELL during efforts to collect certain collections [sic] actions undertaken on behalf or [sic] BOA in violation of *15 U.S.C. § 1692, et. seq.* [the Fair Debt Collection Practices Act]. . . .

(Doc. 2, ¶ 11)[3] (emphasis added).

---

[3]Paragraph 11 also asserts that Defendants violated "§501.201 [sic], *et seq. Florida Statutes* [sic]" (i.e., FDUPTA), however, Count I – unlike Count III – is specifically predicated on FDUPTA.

In turn, Count III of Plaintiff's Complaint – which is labeled "Civil Conspiracy" – asserts in its entirety:

> 25. Plaintiffs reallege and reincorporate the allegations set forth in ¶¶ 1-17 as if fully set forth herein.
>
> 26. Defendants actions [sic] conspired to undertake actions that were unlawful, or to undertake action that were lawful by unlawful means.
>
> 27. In the furtherance of Defendants' conspiratorial actions, Defendants, REDLINE, acting with the actual knowledge and agreement of Defendants FIA and BOA, actually executed the conspiratorial act by falsely claiming to be MATHEW S. ENGLETT in order to coerce Plaintiff, MITCHELL, into paying certain allegedly owed monies.
>
> 28. As a result of Defendants' conspiratorial actions, Plaintiffs have suffered damage.

(Doc. 2 at 3).

An essential element of a claim for civil conspiracy is the commission of an actionable underlying wrong. *See*, *e.g.*, *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1217-18 (11th Cir. 1999) (stating that an "actionable conspiracy requires an actionable underlying tort or wrong") (citations omitted); *Haskins v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1440 (M.D. Fla. 1998) (citations omitted). On its face, Paragraphs 26 through 28 do not allege an actionable underlying wrong in support of Count III. It is only by incorporating – through the shot-gun reference in Paragraph 25 – the general allegations in the Complaint (in particular, Paragraph 11) that any actionable wrong is asserted (i.e., Defendants' violation of "15 U.S.C. § 1692, *et. seq.*"). (Doc. 2, ¶ 25).

In short, Plaintiffs' right to relief under Count III relief necessarily depends on the resolution of a substantial question of federal law, namely Defendants' alleged violation of the Fair

Debt Collection Practices Act. Absent proof that Defendants violated the Fair Debt Collection Practices Act, Count III fails to state a claim for relief. *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514, (11th Cir. 2000) (finding federal question jurisdiction where plaintiff's state law RICO claim was predicated on defendant's alleged violation of federal mail and wire fraud statutes).[4]

Accordingly, Plaintiffs' Motion to Remand will be denied.

### B. Defendant's Motion for Order of Contempt

As they have done throughout this case, Plaintiffs failed to respond to Defendant's Motion for Order of Contempt. Upon review, the motion appears to have merit and will be granted as unopposed. As a sanction, the Court agrees with Defendant that, in the circumstances of this case, dismissal of Plaintiffs' claims with prejudice is appropriate.[5]

## IV. Conclusion

For the foregoing reasons, it is

**ORDERED** and **ADJUDGED** that:

1. Plaintiffs' Motion to Remand (Doc. 34) is **DENIED**;

2. Defendant's Motion for Order of Contempt (Doc. 31) is **GRANTED** as unopposed;

---

[4] In addition to the foregoing, the Court also appears – as Defendant contends – to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 36 at 3-5). However, while there is complete diversity of citizenship between the parties, the amount in controversy does not appear on the face of the complaint and would likely require additional discovery (In instances such as these, the Court would typically issue interrogatories to the plaintiff. However, given Plaintiffs' repeated failures to engage in discovery and comply with the Court's prior orders, the issuance of interrogatories would likely amount to an exercise in futility). In light of Count III, the Court sees no reason for Defendant to bear the additional time and expense of attempting to engage in additional discovery from Plaintiffs.

[5] Although dismissal with prejudice is a sanction reserved for exceptional cases, this case is such an exception.

3. As a sanction for Plaintiffs' contempt, all counts in the Complaint as to Defendant Redline Recovery Services, LLC are hereby **DISMISSED** with prejudice, each party to bear their own fees and costs;

4. All other pending motions as to Defendant Redline Recovery Services, LLC are **DENIED** as **MOOT**; and

5. The Clerk of the Court is directed to terminate Redline Recovery Services, LLC as a party to this case;

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 25, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**